UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

LYNDA D. WHITE,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        4:04-CV-93
                                   )        (JARVIS/GUYTON)
                                   )
JO ANNE B. BARNHART,               )
Commissioner                       )
of Social Security,                )
                                   )
            Defendant.             )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

judgment on the pleadings [Doc. 11] and the defendant's motion for summary judgment. [Doc.

13]. Plaintiff Lynda D. White seeks judicial review of the decision of the Administrative Law

Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1.    The claimant meets the disability insured
>       status requirements of the Act through at
>       least the date of this decision.
>
> 2.    The claimant has not engaged in substantial
>       gainful activity since February 1, 2002.
>
> 3.    The claimant has "severe" impairments, as
>       described in the decision, but does not have
>       an impairment or combination of
>       impairments listed in, or medically equal to

one listed in Appendix 1, Subpart P, Regulations No. 4.

4.     The claimant's subjective complaints are not fully credible.

5.     The claimant has the residual functional capacity to perform sedentary work, which allows for the opportunity to alternate sitting and standing positions, and avoids repetitive bending, twisting, and stooping at the waist.

6.     The claimant is unable to perform any past relevant work and has no transferable work skills.

7.     The claimant is 41 years old, which is defined as a younger individual.

8.     The claimant reports a high school education.

9.     Based on an exertional capacity for sedentary work and the claimant's age, education, and work experience, 20 C.F.R. §§ 404.1569 and 416.969 and Rule 201.28, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

10.    Although the claimant's additional nonexertional limitations do not allow the claimant to perform the full range of 201.28 work, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the national and regional economies which the claimant could perform. The quantity of such jobs were identified by a vocational expert at the hearing.

2

11.     The claimant has not been under a
        "disability," as defined in the Social
        Security Act, at any time through the
        date of this decision.

(Tr. 23-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed.  42 U.S.C. § 405(g).  See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004);  Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently.  See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff argues on appeal that the ALJ "specifically disregarded the appropriate controlling weight of the opinion of her treating physician, Dr.  Paul D. Sain, M.D." and that the record provides substantial evidence of disabling pain.

First, plaintiff argues that the ALJ should have given controlling weight to Dr. Sain's opinion. However, the Commissioner contends that Dr. Sain, plaintiff's family physician, did not treat plaintiff's back condition during the relevant time; that  plaintiff complained of back pain to

3

Dr. Sain only once, in April 2003, after she allegedly became disabled[1]; and that Dr. Sain reported that although his examination in April 2003 revealed some pain and tenderness, plaintiff had normal straight leg raising. (Tr. 197). Dr. Sain referred plaintiff to Dr. Aust (Tr. 190), who provided treatment and performed surgery in May 2002 on plaintiff's back condition. (Tr. 37, 180-90). Thus, the Commissioner maintains that Dr. Sain's opinion that plaintiff could lift less than 10 pounds and stand/walk less than 2 hours in an 8-hour day (Tr. 192-95) was unsupported by his clinical findings and thus, was not entitled to controlling weight. Id.

Instead, the Commissioner asserts that the ALJ's residual functional capacity ("RFC") finding is supported by the opinions of Drs. Aust and Carter.[2] Dr. Aust, plaintiff's treating physician, opined that plaintiff had permanent restrictions of not lifting more than 25 pounds or engaging in repetitive lifting, bending, stooping, pushing, pulling, or climbing (Tr. 180-81), and Dr. Carter, who performed a disability evaluation of plaintiff, determined that she could lift up to 20 pounds, but needed to change positions for 10 minutes every hour, and could not repetitively bend, twist, or stoop at the waist. (Tr. 177). The Commissioner maintains that these opinions are consistent with the

ALJ's decision, which found that plaintiff could perform a limited range of sedentary work with a sit/stand option. (Tr. 23).

---

[1] Plaintiff had initially stated that her disability onset date was December 30, 2000, but she amended her alleged onset date to be February 1, 2002. (Tr. 20, 36-46).

[2] The Commissioner also contends that although the ALJ ultimately rejected Dr. Misra's opinion that plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and sit, stand, and walk for 6 hours each in an 8-hour day in favor of a more restrictive residual functional capacity, Dr. Misra's opinion supported the ALJ's decision. (Tr. 168-75).

Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In addition, controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record. Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994) (ALJ may reject a treating physician's opinion if it is unsupported by the objective findings and inconsistent with the other evidence of record).

The ALJ noted that in his medical statements Dr. Sain appears to have adopted the claimant's subjective allegations, because his treatment notes do not support his assessment that the claimant is unable to lift more than 10 pounds (Tr. 22, 192-200), and because the record reveals that Dr. Sain treated plaintiff only a few times for back pain and did not assign any functional limitations as a result of it. (Tr. 22, 192-200).

The record reveals that in July and August 2002 Dr. Aust, who performed plaintiff's surgery, discussed with her limitations upon return to work, thereby indicating that she would not be precluded from all work. (Tr. 180-81). As the Commissioner points out, the opinions of Drs. Aust and Carter were well-supported and consistent with other record evidence. (Tr. 177-79, 180-81) 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (An ALJ may accept physicians' opinions if they are supported by the objective evidence and consistent with the other evidence of record.). Therefore, based on the foregoing, this issue is without merit.

Second, although plaintiff contends that her subjective complaints are supported by "the medical records and reports of the various physicians who have submitted evidence in this case," the Commissioner insists that plaintiff does not identify any specific item of evidence that supports her claim, citing  McPhearson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court . . . to put flesh on its bones.") (citations omitted).  I agree. In her brief, plaintiff makes conclusory statements regarding this issue, but fails to put forth any developed argumentation.   Therefore, this issue is without merit.

Based upon the foregoing,  it is hereby **RECOMMENDED**[3] that the plaintiff's motion for judgment on the pleadings [Doc. 11] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

_____ s/H. Bruce Guyton _____
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

6